■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered March 19, 1982, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant objects for the first time to the court's use of the phrase "reasonable man" in explaining the concept of "reasonable doubt" and the trial court's statement to the jury "it [reasonable doubt] is a doubt for which a juror can give a reason if he is called upon to do so in the jury room". Because no objection was raised to the charge at the trial, any error is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, a reading of the entire charge indicates that the concept of reasonable doubt was properly explained to the jury.

The defendant also argues that the conviction should be reversed because of certain allegedly prejudicial comments made by the prosecutor during summation. In the absence of any objection to the prosecutor's attack on the credibility of the defense witnesses, any errors in the prosecutor's summation are unpreserved for appellate review.

We further note that while the prosecutor made certain improper comments regarding the intent element of one of the crimes of which the defendant was convicted, the court sustained the defendant's objections and gave curative instructions. The trial court is deemed to have corrected any error to the defendant's satisfaction in the absence of any request by the defendant for further curative instructions *(see, e.g., People v Williams,* 46 NY2d 1070; *People v Keith,* 136 AD2d 657).

Finally, the sentence imposed was not harsh or excessive. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.