■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DANIELS, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered May 20, 1987, upon a jury trial, convicting defendant of third degree criminal sale of a controlled substance and sentencing him, as a predicate felon, to a prison term of 9 to 18 years, is unanimously affirmed.

Defendant was arrested outside an educational institution on the Lower East Side after a police officer observed him engaging in a drug transaction.

Defendant's contention that the court erred in denying his application for a missing witness charge with respect to the People's failure to call two other officers who participated in the arrest is without merit. One of the officers was stationed 1½ blocks away from the drug scene before he was radioed to assist in the arrest of the buyer, while the other officer was present in a school room adjacent to the one being occupied by the testifying officer, and there was no showing that he had observed the transaction at issue.

A missing witness charge is required where it is demonstrated that "the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available". *(People v Gonzalez,* 68 NY2d 424, 427 [1986].) Here, the record contains no indication that either uncalled officer had direct material knowledge of the incident as it bore on defendant's identity as the seller, or that their testimony would be noncumulative. Further, one of the officers was unavailable to testify at the time of trial for a valid reason. Consequently, the denial of defendant's request for a missing witness charge was appropriate.

Although we frown upon a prosecutor remarking during summation that a defendant has "tailored" his testimony *(see, e.g., People v Rosa,* 108 AD2d 531), under the circumstances here the remark constituted harmless error. *(People v Crimmins,* 36 NY2d 230 [1975].) Defendant's other complaints concerning the prosecutor's summation and the court's charge on assessing credibility of witnesses are not preserved for

appellate review, and were we to review them in the interests of justice we would find them to be meritless.

We have also considered defendant's remaining contentions, including those contained in his *pro se* supplemental brief, and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Rosenberger and Ellerin, JJ.