(February 15, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN BRYANT, Appellant.—Casey, J.

Defendant, an inmate of Great Meadow Correctional Facility in Washington County, was indicted for the crimes of attempted murder in the second degree, assault in the first degree, assault in the second degree (two counts) and promoting prison contraband in the first degree. The indictment arose from defendant's attack on another inmate named Leonard Brown. The testimony regarding the incident was sharply contested. Two correction officers stated that they saw defendant stab Brown. Brown himself, however, denied that defendant was the person who stabbed him and, in any event, testified that he did not see his attacker. Defendant denied any involvement and suggested it could be another inmate who resembled him. Other inmates stated that they did not see defendant attack anyone. Following a jury trial, defendant was found guilty of all charges except for the two counts of assault in the second degree. After his motion to set aside the verdict was denied, defendant was sentenced to concurrent prison terms of 12½ to 25 years for attempted murder in the second degree, 7½ to 15 years for assault in the first degree, and 3½ to 7 years for promoting prison contraband in the first degree.

The first issue raised on this appeal concerns a violation of CPL 30.20.* County Court denied defendant's motion in this

---

* No issue is raised as to a violation of CPL 30.30. Upon defendant's arraignment his counsel received 45 days within which to make motions and a notice of readiness was filed by the People on March 18, 1986. Defendant agrees that the People complied with CPL 30.30.

regard by concluding that speedy trial rules did not apply to a charge of murder in the second degree. While we disagree with that conclusion of County Court in respect to CPL 30.20, we nevertheless agree that defendant's constitutional right to a speedy trial was not violated in these circumstances. Initially, we note that defendant's confinement during the period in question was due to his sentence on a prior unrelated crime. The crimes at issue here were committed on July 8, 1985 and defendant was indicted on August 29, 1985. His trial commenced on May 18, 1986. At the outside, the entire period consisted of approximately 10 months. Applying the criteria prescribed in *People v Taranovich* (37 NY2d 442, 445) to that period, we conclude that defendant's constitutional right to a speedy trial was not violated. Following the People's filing of a statement of readiness on March 18, 1986, defendant requested additional time to file the speedy trial motion. According to the People's affidavit in opposition to this motion, the People believed that defendant was considering a plea offer made to him in a September 1985 conference. The People further assert that there were no available trial terms until after January 1, 1986 and any delay resulting from this fact must weigh less heavily on the People *(see, People v Watts,* 57 NY2d 299, 303). The charge of attempted murder in the second degree, a most serious charge, permits the People "to proceed with far more caution and deliberation than * * * would * * * a relatively minor offense" *(People v Taranovich, supra,* at 446). That defendant was already confined on a prior charge and has demonstrated no prejudice as a result of the delay satisfies the fourth and fifth factors enumerated in *Taranovich.* We, therefore, conclude that defendant's constitutional right to a speedy trial was not violated.

Defendant further contends that County Court's charge on identification was legally insufficient. We disagree. Reading the court's charge as a whole *(see, People v Roundtree,* 140 AD2d 884, *lv denied* 73 NY2d 790), it was made clear to the jury that it had to be convinced beyond a reasonable doubt of defendant's identification as the perpetrator of the crimes charged in order to convict him. Thus, the court's failure to specifically instruct on the People's burden with respect to identification does not rise to the level of error that would require reversal in the interest of justice *(cf., People v Klemm,* 124 AD2d 826, 827). In this regard, defendant further argues that the court's charge did not distinguish between credibility and mistaken identification *(see, People v Hollis,* 106 AD2d 462, 465). However, in its charge County Court stated clearly

and unequivocally that defendant's position was that he was mistakenly identified. The charge then outlined the factors that the jury could consider in weighing and assessing the testimony of the prosecution's witnesses. Considering that defendant failed to request a specific identification charge, we believe that the charge given sufficiently conveyed to the jury their duty with respect to the possibility of mistaken identification of defendant and the credibility of the witnesses (see, People v Smith, 100 AD2d 857, 858).

Defendant next contends that he was denied a fair trial because the five inmate witnesses testifying on his behalf all appeared in court in shackles. Significantly, County Court made a reasoned determination on the record based on the testimony of a correction officer as to the shackling of these inmate witnesses (see, People v Mixon, 120 AD2d 861, 862). Furthermore, the rationale advanced by defendant as to the impropriety of shackling a defendant has not been extended to his witnesses and we cannot conclude that such shackling prejudiced defendant to the extent of depriving him of a fair trial. Without defendant's prior request, County Court's instructions at the end of the trial, that no favorable inference to the People could be drawn because of the shackling, were sufficient.

Defendant claims that the failure of his trial counsel to object to the shackling constitutes ineffective representation of counsel. We disagree in view of the reasoned determination made by County Court. Defendant further claims that his trial counsel failed to file pretrial motions. Defense counsel did, in fact, file a motion regarding a speedy trial and also filed a motion for and represented defendant in a Sandoval hearing. Although a Wade-Stovall hearing was not requested, that failure does not establish a lack of effective assistance of counsel (see, People v Shannon, 92 AD2d 554, 556). In all, we conclude that defendant's representation was effective. Counsel was fully prepared and gave appropriate opening and closing statements and conducted effective direct and cross-examinations of witnesses.

Finally, County Court properly denied defendant's motion to set aside the jury's verdict without a hearing. Defendant's allegations of ineffective assistance of counsel were insufficient to require a hearing (cf., People v Miller, 144 AD2d 867). The other contentions of defendant on this appeal have been considered and found untenable. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.