■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN FIGUEROA, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Cerbone, J.), rendered on February 4, 1988, convicting defendant, after jury trial, of robbery in the second degree, and convicting him, under a separate

indictment, upon his plea of guilty, of robbery in the first degree, and sentencing him as a second violent felony offender to concurrent, indeterminate terms of imprisonment of from 6 to 12 years, unanimously affirmed.

On December 18, 1986, at 5:00 A.M., defendant entered a gypsy cab and directed the driver to proceed to 187th Street and Tiebolt Avenue in The Bronx and then to turn left onto Elm Place, a dead-end street. Defendant then told the driver "this is a hold-up", and directed him to hand over his money. The driver promptly complied upon observing a gun pointed in his direction. Police staking out the location in an unmarked car approached the cab, whereupon the driver got out and announced that he was being held up and that defendant had a gun. Defendant, still holding the money, was told to leave the cab, and an imitation pistol was recovered from inside the vehicle.

Defendant testified that he was currently on parole in connection with one of two prior felony convictions. He related that he was visiting his wife at that early hour on December 18th to evade discovery by the parole authorities, that the money was his, and that the driver had driven into the dead-end street against his wishes, having refused to drive defendant to his designated destination.

The prosecutor should not have asked defendant on cross-examination why he did not volunteer his version of the events upon being arrested, but we note that defense counsel's objections to the several questions were sustained, and a curative instruction was immediately given to insure that an adverse inference would not be drawn by the jury (cf., People v Davis, 61 NY2d 202, 207).

We disapprove of the prosecutor's suggestion, on summation, that defendant tailored his testimony to fit the circumstances surrounding his arrest, but find the error harmless in the light of the overwhelming evidence of defendant's guilt (People v Daniels, 156 AD2d 297). We have considered defendant's other contentions and find them to be without merit. Concur—Kupferman, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.