■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN MORGAN, Appellant.—Judgment of the Supreme Court, New York County (Richard Andrias, J., at suppression hearing, jury trial and sentence), rendered March 29, 1989, convicting defendant of grand larceny in the fourth degree and sentencing him, as a predicate felon, to 2 to 4 years' imprisonment, unanimously affirmed.

As the female victim and a friend, visitors to New York, were walking along Broadway in the Times Square area, defendant rode by on a bicycle and pulled off a portion of a gold chain which she had been wearing around her neck. The victim immediately alerted nearby police officers, who apprehended defendant within moments. A portion of a gold chain was recovered on the ground a few feet from defendant. The victim positively identified the defendant and the jewelry.

The only issue raised on appeal is a challenge to certain of the prosecutor's comments made during summation. Since defendant had taken the stand in his own defense, claiming that he had merely brushed the victim with his arm in avoiding a collision, the credibility of the respective witnesses was central to this case. The prosecutor properly directed the jury's attention to the critical issues of credibility, suggested how to evaluate the divergent testimonies of the respective witnesses, and challenged defendant's credibility, never exceeding the bounds of rhetorical comment permitted by *People v Galloway* (54 NY2d 396). While the prosecutor should have refrained from referring to defendant's testimony as an accommodation defense *(see generally, People v Rosa,* 108 AD2d 531), under the circumstances of this case, and in view of the overwhelming evidence of guilt, any error would be found harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230; *People v Daniels,* 156 AD2d 297, *lv denied* 75 NY2d 918). Accordingly, we affirm. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.