■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN DESTERDICK, Appellant.—Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered March 10, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent, indeterminate terms of seven and one-half to fifteen years, unanimously affirmed.

The People's reference to defendant's post-arrest silence on their redirect case did not violate defendant's constitutional right to remain silent or his right against self-incrimination *(People v Basora,* 75 NY2d 992; *People v Conyers,* 49 NY2d 174).* Here, defense counsel opened the door to this issue by cross-examining the police officer with regard to conversations with defendant after his arrest *(People v Melendez,* 55 NY2d 445).* Further exploration of these post-arrest conversations on redirect examination of the police officer was accordingly not improper.

The court charged the jury that they were not to consider People's Exhibit 2, an ounce of cocaine, which was found in an apartment concededly not owned by defendant, and as to which the possession charge had been dismissed. Counsel's failure to lodge a further objection, or to request a mistrial, indicates that defendant was satisfied with the court's instruction, which we, in any event, find adequate *(People v Williams,* 46 NY2d 1070).* In reading the charge as a whole, we are also satisfied that the court properly instructed the jury on reasonable doubt *(see, People v Canty,* 60 NY2d 830).* Defendant has failed to demonstrate that the court abused its discretion in the imposition of sentence. Concur—Rosenberger, J. P., Wallach, Kupferman, Kassal and Smith, JJ.