■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEWIS, Appellant.—Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered March 8, 1989, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of imprisonment of from 2½ to 7½ years, is unanimously affirmed.

The complainant testified that he was assaulted by defendant and beaten into unconsciousness. This testimony was corroborated by two bystanders, one of whom observed defendant take a wallet from the complainant's pocket, which was grabbed by another man who ran off. The complainant's switchblade knife was recovered from defendant by responding police officers.

Defendant testified on his own behalf that he acted in self-defense when the complainant approached him, started an altercation, and attempted to stab him. Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's findings of credibility *(People v Bleakley,* 69 NY2d 490, 495; *People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985), defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence. Defendant's claim that he was deprived of a fair trial by the prosecutor's cross-examination concerning why he neither called the police nor explained to the bystanders that he was the victim of an assault and not the perpetrator of the robbery, is not preserved as a matter of law (CPL 470.05 [2]), and we decline to reach it. If we were to reach the issue in the interest of justice, we would find the claim to be without merit, since defendant opened the door to these matters on his direct examination *(People v Desterdick,* 173 AD2d 312, *lv denied* 78 NY2d 965). While the prosecutor, on summation, should not have suggested that defendant tailored his trial testimony *(see, e.g., People v Negron,* 161 AD2d 537), this single impropriety was harmless error *(see, People v Figueroa,* 161 AD2d 486, *lv denied* 76 NY2d 856; *People v Daniels,* 156 AD2d 297; *compare, People v Negron, supra),* in light of the overwhelming evidence of guilt.

Finally, defendant's claim that the jury was misled by the court's supplemental instructions on intent is not preserved as a matter of law, and we decline to reach it. If we were to reach the issue in the interest of justice, we would find the claim to be without merit, since the jury note did not seek

clarification regarding the element of force, but only of the meaning of intent, and, since the main charge was concededly proper, it was not error for the court to omit the subject of force in its supplemental instructions. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.