■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GORDON, Appellant.—Wherein it seeks reversal of the unpublished decision and order (Appeal No. 46126) of this Court entered on May 12, 1992, motion denied; and insofar as it seeks reargument, motion is granted and upon reargument the order and decision is recalled and vacated and a new order and decision substituted therefor, decided simultaneously herewith.

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered December 4, 1990, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and reckless endangerment in the second degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 3-½ to 7 years, 2 to 4 years, and 1 year, respectively, unanimously affirmed.

The trial court dismissed a sworn juror, prior to the People's rebuttal case, after she called the court and stated that she was bedridden and too ill to attend the trial. As there was no indication that the juror would soon recover, the trial court's conclusion that she was "stricken seriously" was well-founded and her discharge pursuant to CPL 270.35 on the ground that she was unavailable was a proper exercise of discretion *(see generally, People v Page,* 72 NY2d 69). The prosecutor's comments in summation—that defendant had had an opportunity to hear the People's witnesses before testifying, and that the People's witnesses had no motive to lie—while inappropriate, do not warrant reversal, especially in view of the overwhelm-

ing evidence of guilt. Concur—Sullivan, J. P., Rosenberger, Ross, Smith and Rubin, JJ.