■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE EVANS, Appellant. [596 NYS2d 17] —Judgment, Supreme Court, New York County (Allen G. Alpert, J.), rendered May 11, 1989, convicting defendant, after jury trial, of attempted aggravated assault upon a police officer, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and perjury in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years on the attempted aggravated assault count and on one of the second degree weapon possession counts, and to terms of 7½ to 15 years on the remaining second degree weapon possession count, 3½ to 7 years on the third degree weapon possession count, and 3½ to 7 years on the perjury count (to run concurrently with each other, but consecutively to the sentences imposed on the first two counts), unanimously affirmed.

The trial court appropriately exercised its discretion in denying defendant's motion for a mistrial, after conducting a full investigation of alleged juror misconduct and determining that, after dismissal of two jurors (concurred in by counsel), the remaining 12 jurors were qualified in all respects to deliberate on the case and to render a fair and impartial verdict *(see, Hall v Potoker,* 49 NY2d 501, 505-506).

Defendant failed to preserve for appellate review as a matter of law his claim that the trial court's charge to the jury diminished the People's burden of proof when it stated that defendant is entitled to an inference of innocence where evidence at trial presents inferences of both guilt and innocence (CPL 470.05). In any event, the charge, when viewed as a whole, adequately conveyed the appropriate standard of proof, as the jurors were repeatedly instructed that the People were required to prove defendant's guilt beyond a reasonable doubt *(People v Molina,* 171 AD2d 578, *lv denied* 78 NY2d 970). Concur—Murphy, P. J., Milonas, Rosenberger and Wallach, JJ.