(July 29, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL R. HALEY, Appellant. [600 NYS2d 842] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered November 14, 1990, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was convicted of "depraved indifference" murder, as defined by Penal Law § 125.25 (2), after an incident in

which he pointed a loaded rifle at two teenage boys who were on his property; the rifle discharged, killing one of the boys. After the shooting, defendant, who had consumed two bottles of wine and between 8 and 10 gin and tonics earlier that day, walked off the property and into the woods. The police, called to the scene, found defendant in a nearby field and arrested him.

It was later learned that the boys had been sent by defendant's estranged wife to pick up a rototiller, owned by the couple, and deliver it to her mother, to whom the wife had sold it. They had been told to get the tiller when defendant was not home; on this occasion, however, he had been driven home, and because his car was not in the driveway, the boys assumed that he was not there. While they were loading the tiller into their truck, defendant appeared, rifle in hand. It is unclear exactly what conversation was had, but ultimately defendant loaded the rifle, released the safety, and pointed it first at an adult who was accompanying the boys, then at the boys, indicating that they were trespassing. The rifle, which may have had a "hair trigger"—the experts who testified at trial disagreed with respect to whether the gun would fire without the trigger being deliberately pulled—discharged, fatally injuring one of the boys.

Defendant was charged with intentional murder, under Penal Law § 125.25 (1), and depraved indifference murder. Convicted by a jury of the latter charge, he was sentenced to an indeterminate term of incarceration of 25 years to life. This appeal followed.

Defendant maintains that he should not have been convicted of depraved indifference murder because he was acting under extreme emotional distress, and also because there was insufficient evidence to conclude that he pulled the rifle's trigger. Initially, we note that the jury need not have found that defendant actually pulled the trigger to support the conclusion that he "recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 125.25 [2]), and that he "[was] aware of and consciously disregard[ed] a substantial and unjustifiable risk" of such a result (Penal Law § 15.05 [3]; *see, People v Longo,* 182 AD2d 1019, *lv denied* 80 NY2d 906). If the rifle truly was capable of being discharged without the trigger having been pulled, the jury could have found that by loading the gun, removing the safety and pointing such a dangerous weapon directly at another person at close range, defendant engaged in an act which he knew was "imminently dangerous and presented a

very high risk of death" *(People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953), and that such conduct evinced a wanton disregard for human life. Furthermore, the testimony of the People's expert, if accepted by the jury, supports an inference that defendant actually fired at the boys; such a finding clearly evidences a depraved indifference to human life *(see, People v Register, supra,* at 275). Given the record as a whole, we cannot say, after considering the probative force of the testimony and the varying inferences that could be drawn therefrom, that the jury's verdict was against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Finally, because extreme emotional distress is only a defense to intentional murder, it was correctly removed from the jury's consideration with regard to the charge of depraved indifference murder *(see,* Penal Law § 125.25 [1], [2]).

Nor are we persuaded that County Court's exclusion of defendant's 11-year-old daughter from the courtroom during opening statements compromised his right to a public trial. This minimal restriction, which was aimed at avoiding prejudicing the fact-finders and exposing the child to obscenities attributed to her father, and which was agreed to by the court only after a detailed inquiry as to the nature of the prosecutor's intended remarks, can hardly be viewed as increasing the likelihood of any of the detrimental consequences associated with closing the courtroom to the public or the media *(see, People v Clemons,* 78 NY2d 48, 51).

Defendant's third argument focuses on County Court's refusal to suppress oral and written statements he gave to the police after his arrest. Although it is not at all certain that the arrest itself was grounded in probable cause, for it appears that defendant was arrested after an unknown person in the crowd that had assembled shouted "that's him, that's the son of a bitch that shot him", and without any further confirmation of his identity, inasmuch as the material facts of the actual shooting were essentially undisputed and defendant's statements added little if anything to the other evidence of guilt, which was overwhelming, we find any error in this regard to have been harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Burr,* 124 AD2d 5, 10, *affd* 70 NY2d 354, *cert denied* 485 US 989).

As for defendant's assertion that he was deprived of a fair trial because he was not present at certain conferences between the attorneys and the court, including one in which the issue of spousal privilege was discussed at length with respect to the possibility of defendant's wife being called to the stand,

we find that all of the conferences involved matters of law or procedure, and as such were not "material stages" of the trial at which defendant has a right to be present (see, People v Velasco, 77 NY2d 469, 472). Parenthetically, defendant's absence from the conference at which application of the spousal privilege was argued could not have been prejudicial, for County Court ruled in defendant's favor. Moreover, defendant expressly waived his right to be present at all such discussions (see, People v Parker, 57 NY2d 136, 139; People v Carr, 168 AD2d 213, 214).

Lastly, we find nothing in defendant's other arguments that would mandate reversal of the conviction or reduction of the sentence.

Weiss, P. J., Mikoll and Mahoney, JJ., concur. Ordered that the judgment is affirmed.