■ SONIA TORRES, Individually, as Administratrix of the Estate of HIRAM TORRES, Deceased, and as Mother and Natural Guardian of HIRAM TORRES, JR., and Another, Infants, Respondent, v CITY OF NEW YORK et al., Appellants. [610 NYS2d 769] —Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about October 22, 1993, which denied New York City Housing Authority's motion for leave to amend the answer to assert a counterclaim, unanimously affirmed, without costs.

In view of the extended and unexplained delay which preceded the application for leave to amend the answer, made on the eve of trial after plaintiff had been granted special preference and the failure to present any facts to show merit with respect to the proposed counterclaim, we find no basis to disturb the trial court's sound exercise of discretion (CPLR 3025). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL ELLIS, Appellant. [609 NYS2d 7] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 6, 1991, convicting defendant, after a jury trial, of one count of robbery in the first degree, and one count of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years, unanimously affirmed.

Defendant's contention that he was denied a fair trial by the prosecutor's remarks on summation is largely unpreserved and, in any event, is without merit. Similarly, defendant's challenges to the court's charge are unpreserved since at trial he did not make specific objections, and the claims do not warrant review in the interest of justice. While we have previously noted that it is undesirable to use the phrase "the scales weigh even" in the reasonable doubt charge in a criminal case, even if the charge is formally correct *(see, People v Fox,* 72 AD2d 146, 147), the two inference instruction does not constitute reversible error where, as here, the charge as a whole conveyed the prosecutor's burden of proving defendant's guilt beyond a reasonable doubt *(see, People v Evans,* 192 AD2d 337, *lv denied* 81 NY2d 1072). Concur—Rosenberger, J. P., Ellerin, Rubin, Nardelli and Williams, JJ.