■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE NUNEZ, Also Known as ANDRE MUNIZ, Appellant. [616 NYS2d 938] —Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered January 13, 1992, which convicted defendant, after a jury trial, of criminal sale of a controlled

substance in the third degree and criminal possession of a controlled substance in the third degree and sentenced him to concurrent terms of imprisonment of 4½ to 9 years, respectively, unanimously affirmed.

Defendant's claim that the "two-inference" charge diluted the People's burden of proof is unpreserved, and we decline to review it in the interest of justice *(People v Evans,* 192 AD2d 337, *lv denied* 81 NY2d 1072). In any event, the charge, viewed as a whole, conveyed the appropriate burden of proof since the court thoroughly instructed the jury that the People were required to prove defendant's guilt beyond a reasonable doubt *(supra).*

Defendant's contention that the trial court erred in submitting, without a specific request, a no adverse inference charge on the ground that it unduly emphasized his decision not to testify *(People v Autry,* 75 NY2d 836; *People v Temple,* 165 AD2d 748, 750, *lv denied* 76 NY2d 944), is unpreserved and we decline to review it in the interest of justice. Were we to review we would nonetheless find that the court did not err in the circumstances of this case, in which defense counsel in summation, told the jury that the Judge would give such a charge. Concur—Rosenberger, J. P., Ellerin, Rubin, Nardelli and Williams, JJ.