■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR CUNNINGHAM, Appellant. [617 NYS2d 720] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered July 31, 1991, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and sentenced him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

A hearing court's findings of fact are entitled to great weight (*People v Prochilo,* 41 NY2d 759, 761), and review of the record does not warrant a substitution of this Court's factual determinations for those of the hearing court inasmuch as there was nothing incredible about the officer's testimony regarding the exchange of crack vials for money (*People v Vaneiken,* 166 AD2d 308). Further, the hearing court properly determined that the officer's observation of defendant's exchange of crack vials for currency established probable cause for his arrest (*People v Canosa,* 194 AD2d 392, *lv denied* 82 NY2d 715).

Upon an independent review of the facts, we find that the jury verdict was not against the weight of the evidence (*People v Bleakley,* 69 NY2d 490). The issue raised by defendant concerning the credibility of one of the police officers was properly placed before the jury for their resolution and we find no reason to disturb the jury's determination.

Defendant failed to provide a record supporting his contention that a *Sandoval* hearing was conducted in his absence. Thus, there is no basis to review his claim that his right to be present at all material stages of the proceedings was violated (*People v Bharat,* 204 AD2d 169), or that the court's *Sandoval* ruling was an abuse of discretion. In any event, in regard to the latter claim, the court's ruling permitting inquiry into prior convictions for criminal mischief and criminal sale of a controlled substance, while precluding inquiry into two drug possession convictions, was a proper exercise of discretion.

While some of the prosecutor's questions put to defendant during cross-examination improperly suggested that defendant was tailoring his testimony to fit the People's evidence (*see, People v Figueroa,* 161 AD2d 486, 487, *lv denied* 76 NY2d 856), defendant never registered an objection to the questions. However, were we to review this claim of error in the interest of justice, we would nevertheless find it harmless in the light of the overwhelming evidence of defendant's guilt. Furthermore, with one exception, defendant did not object to the majority of remarks made by the prosecutor during summation of which he now complains. In any event, the remarks, including the one to which defendant registered an objection, constituted fair response to defendant's summation.

Nor do we find the sentence imposed excessive.

We have considered defendant's other claims and find them to be without merit. Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.