■ The People of the State of New York, Respondent, v Dennis Rogha, Appellant. [624 NYS2d 125] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered June 20, 1991, convicting defendant, after a trial by jury, of eight counts of robbery in the first degree, 15 counts of robbery in the second degree, one count of kidnapping in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to 26 terms of 25 years to life, nine to be served consecutively, unanimously affirmed.

We find no merit to defendant's claim that the prosecutor's opening statement was inflammatory. "The prosecutor's remarks were a fair outline of the stark facts" *(People v Williams,* 160 AD2d 627, *lv denied* 76 NY2d 798). Moreover, the court issued cautionary instructions as to the function of opening statements *(People v Comer,* 73 NY2d 955, 956-957). In any event, in view of the overwhelming evidence of guilt, the prosecutor's remarks, if at all improper, constitute harmless error *(People v Crimmins,* 36 NY2d 230). In this context, we

note that, had defendant preserved his similar claim that the prosecutor's summation was prejudicial, we would also find no error. However, we decline to reach this argument in the interest of justice.

The record as a whole does not support defendant's contention that the court erred in denying his requests for a CPL article 730 examination during trial. Regardless of whether defendant's intent in twice slashing his wrists in the presence of the jury was suicidal or, as the trial court found, merely disruptive, the record shows that he "was able to consult with counsel ' " 'with a reasonable degree of rational understanding * * * and * * * ha[d] a rational as well as factual understanding of the proceedings against him.' " ' " *(People v Gelikkaya,* 84 NY2d 456, 460, quoting *People v Francabandera,* 33 NY2d 429, 436.) That defendant was subsequently found incompetent to stand trial on three other indictments almost a year after the guilty verdict in the within case was rendered does not alter our finding that, at the time of this trial, the trial court was justified in its conclusion that a CPL article 730 examination was not warranted.

Finally, we find that defendant's sentence is fully supported by the violent nature of this crime and his extensive criminal record *(People v Brown,* 183 AD2d 612, *lv denied* 80 NY2d 828). Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.