■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MALDONADO, Appellant. [631 NYS2d 850] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered July 1, 1993, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crimes charged was proven beyond a reasonable doubt (People v Malizia, 62 NY2d 755, cert denied 469 US 932), and an independent review of the record indicates that the jury accorded appropriate weight to the credible evidence (People v Bleakley, 69 NY2d 490).

Defendant did not preserve by objection his current hearsay and relevancy claims regarding admission of testimony describing the mechanics of a typical "observation post" operation (People v Diaz, 170 AD2d 395, lv denied 78 NY2d 954). Were we to review them in the interest of justice, we would find no error, as limited background testimony was properly admitted to assist the jury in understanding the events leading to defendant's arrest and was probative of the officers' reliability, which was a contested issue (see, People v Almodovar, 178 AD2d 133, lv denied 79 NY2d 943).

Contrary to defendant's claim, the trial court did give consideration to the possible prejudicial effect of evidence of uncharged crimes (see, People v Ventimiglia, 52 NY2d 350, 362). In the circumstances herein, and in light of the defense of innocent presence at the scene, the court did not improvidently

exercise its discretion in permitting some police testimony regarding observed activities of defendant prior to and after the charged drug sales, as relevant to the issues of intent and acting in concert (*see, People v Carter*, 77 NY2d 95, 107, *cert denied* 499 US 967). Further, defendant made no request for limiting instructions regarding that testimony and thus failed to preserve his current claim of error (CPL 470.05).

Defendant did not preserve by objection his current claim that certain comments made by the prosecutor in summation deprived him of a fair trial (CPL 470.05). Were we to review it in the interest of justice, we would find no basis for reversal. Although the prosecutor inartfully phrased one argument concerning credibility by including a reference to "tailored facts", it is clear that the intent was to argue merely that defendant's narrative of the events in question was incomplete. In view of the overwhelming nature of the evidence against defendant, error, if any, was harmless (*People v Lewis*, 177 AD2d 421, *lv denied* 79 NY2d 949).

Defendant's claim that the trial court's "two inference" charge to the jury diluted the People's burden of proof is unpreserved by appropriate and timely objection (*People v Nunez*, 203 AD2d 190, 191, *lv denied* 83 NY2d 970). As defendant concedes, the court's jury charge on reasonable doubt was "technically correct", and having failed to alert the trial court to his present claim that a portion of the charge might have been interpreted as shifting the burden of proof, this claim is unpreserved (*People v Thomas*, 50 NY2d 467, 472). In any event, the court properly and repeatedly instructed the jury that the People bore the sole burden of proving defendant's guilt of each and every element of the crimes charged beyond a reasonable doubt, noting that a reasonable doubt is "a doubt based upon reason, and it is a doubt for which a juror can give a reason if he or she is called upon to do so in the jury room". While the court might have included a further "clarifying statement" that the jurors have no obligation to articulate the basis for their doubts (*People v Antommarchi*, 80 NY2d 247, 253), the charge viewed as a whole conveyed the appropriate legal principles (*People v Nunez, supra*). Further, the inclusion of a "two inference" charge where, as here, the court properly instructed that the People bear the sole burden of proving defendant's guilt of each and every element of the crimes charged beyond a reasonable doubt, does not constitute reversible error (*People v Ellis*, 202 AD2d 301, *lv denied* 83 NY2d 910).

There is no merit to defendant's current claim that the trial

court erred in not, *sua sponte,* giving a jury charge regarding evaluation of evidence of flight. In light of the fact that defendant was apprehended approximately one half block from the site of the drug sales, his testimony that he decided to leave the area to get away from what he recognized to be drug dealing by others, and the prosecutor's summation comment that apparently defendant believed he could leave the scene with impunity because he was not aware of police observation, it is most unlikely that defendant suffered any prejudice (*see, People v Yaghnam,* 135 AD2d 763, 764). Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Asch, JJ.