■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND CUNNINGHAM, Appellant. [635 NYS2d 304] —Mikoll, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered September 1, 1993, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant attended a required in-patient drug alcohol program as the result of his conviction for driving while intoxicated. There he met Thomas Rodruguez, Lorene Brown and Adrienne Reese, who were also in the program. Defendant occupied a second-floor apartment at his mother's house at the time, and when Rodruguez left the program defendant permitted him to stay in the apartment. On March 13, 1992 Rodruguez, pursuant to a phone call from Brown, met with her and the two thereafter returned to the apartment to spend the night. The next day Reese called the apartment for Rodruguez, defendant answered and, at first, would not call Rodruguez to the phone but asked Reese to date him. Reese refused, saying that she was involved with Rodruguez. Reese said that she talked to Rodruguez, who stated that he was having a problem with defendant. Thereafter, Brown went into the bathroom of the apartment, leaving defendant and Rodruguez in the kitchen. She next heard defendant tell Rodruguez "you disrespected me, man", and then heard a loud noise. Upon entering the kitchen, Brown saw defendant with a shotgun and Rodruguez lying on the floor. Defendant stated that he "didn't mean it" and later left the apartment as the police approached. Rodruguez suffered a punctured heart and liver and died.

Subsequently, defendant was arrested and made a statement to police that the gun accidently went off as he was showing it to Rodruguez. At one point he told an officer that he had pointed the gun at Rodruguez's chest. Thereafter, defendant was charged in an indictment with one count of intentional murder and one count of depraved mind murder, both in the second degree. He was convicted after a jury trial of depraved mind murder and sentenced to 25 years to life imprisonment.

On this appeal, defendant claims that his conviction of murder in the second degree with a depraved mind was not supported by sufficient evidence of the element of depraved indifference to human life and was also against the weight of the evidence. The crime requires that the People establish beyond a reasonable doubt that defendant engaged in conduct that

created a grave risk of death and caused such death by acting recklessly, i.e., by consciously disregarding a substantial and unjustifiable risk of death (*People v Gomez*, 65 NY2d 9, 11). "The phrase '[u]nder circumstances evincing a depraved indifference to human life' is not a *mens rea* element focusing on the subjective intent of the defendant but rather involves 'an objective assessment of the degree of risk presented by defendant's reckless conduct' " (*supra*, at 11, quoting *People v Register*, 60 NY2d 270, 277). The phrase "refers to the wantonness of defendant's conduct and converts the substantial risk present in manslaughter into a *very* substantial risk present in murder" (*People v Register, supra*, at 277 [emphasis in original]).

The evidence here is sufficient to sustain a conviction for depraved mind murder. Defendant admitted pointing the shotgun at Rodruguez. Evidence indicated that the shotgun was fired while the gun barrel was against Rodruguez's body. There was testimony that defendant and Rodruguez were having a problem, and that defendant told Rodruguez that he was "disrespecting" him just prior to the shooting. Defendant claimed the gun went off as he handed it to Rodruguez, who pulled it. Defendant could not describe how the weapon fired, saying that he could not remember. There was also testimony that the gun did not have a hair trigger but required 8 to 10 pounds of pressure to fire, and that a safety had to be taken off, a release button had to be pushed and a shell "pumped" into the chamber before it could fire. Moreover, one could determine by looking at the gun whether there was a shell in the chamber in position to fire. The jury could conclude from the testimony and all the circumstances that defendant knowingly and recklessly pointed a loaded shotgun at Rodruguez in circumstances evincing a depraved indifference to human life sufficient to sustain a conviction for depraved mind murder (*see, People v Ozarowski*, 38 NY2d 481; *People v Haley*, 195 AD2d 873, *lv denied* 82 NY2d 896; *People v Rammelkamp*, 167 AD2d 560, *lv denied* 77 NY2d 965). Further, the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant's claim that County Court erred in failing to grant defendant's motion to dismiss for constitutional delay (CPL 30.20) is rejected. County Court did not abuse its discretion in accepting the answering motion papers submitted by the People within five days (three business days) of receiving defendant's motion papers. We note that pursuant to CPL 210.45, a motion to dismiss is required to be upon reasonable

notice to the People (*see, People v Lawrence*, 64 NY2d 200). Nor did County Court abuse its discretion in failing to rule that defendant's case must be dismissed because it was not given preference over other criminal actions pursuant to CPL 30.20 (2). Further, we find no unconstitutional delay in this case (*see, People v Taranovich*, 37 NY2d 442, 445), especially in view of the seriousness of the charge and the lack of any demonstrable prejudice to defendant (*see, People v Watts*, 57 NY2d 299; *People v Bryant*, 158 AD2d 808, *lv denied* 76 NY2d 785).

Defendant's argument that he was deprived of a fair trial due to County Court's error in its *Sandoval* rulings also is without merit. County Court did not abuse its discretion in permitting cross-examination of defendant as to his conviction for driving while intoxicated (*see, People v McAleavey*, 159 AD2d 646; *People v Galvin*, 104 AD2d 527, *mod on other grounds* 65 NY2d 761) or criminal mischief (*see, People v Cunningham*, 208 AD2d 461, *lv denied* 84 NY2d 1030; *People v Huggins*, 204 AD2d 484). Defendant also claims that County Court erred in granting the People's challenges for cause as to four prospective jurors, who stated that they were uncomfortable judging another person based on each juror's individually described situation or experience. We do not find that County Court abused its discretion (*see, People v Holder*, 204 AD2d 482, 483, *lv denied* 83 NY2d 968; *People v Pagan*, 191 AD2d 651, 651-652, *lv denied* 81 NY2d 1017). A trial court should "lean toward disqualifying a prospective juror of dubious impartiality" (*People v Branch*, 46 NY2d 645, 651). Here, none of the prospective jurors unequivocally said that they would not be influenced by their feelings in rendering a verdict (*see, People v Birch*, 215 AD2d 573; *People v Williams*, 197 AD2d 721).

We reject defendant's contention that testimony of Reese concerning telephone conversations she had that were admitted under the "present sense impression" exception to the hearsay rule was improperly admitted into evidence. The statements admitted in this case were relevant and amply corroborated so as to assure that they were made "spontaneously and contemporaneously" with the events described to ensure reliability (*People v Brown*, 80 NY2d 729, 737). The testimony of Reese and Brown serve to corroborate the statements in question.

We decline to accept defendant's claim that County Court erred in charging the jury that defendant was an interested witness and that evidence of flight indicated consciousness of guilt. The interested witness charge as to defendant was not

improper (*see, People v Agosto*, 73 NY2d 963, 967). The issue regarding defendant's flight from the scene at the arrival of police was correctly left to the jury to interpret under proper cautionary instructions, including that there were other possible explanations for his conduct (*see, People v Shepard*, 176 AD2d 369, 370, *lv denied* 79 NY2d 832).

Defendant's argument that County Court erred in giving an unrequested charge characterizing defendant's statement to police as a confession is not before this Court for review. County Court issued curative instructions which satisfied defense counsel's objection (*see, People v Rivera*, 142 AD2d 615, *lv denied* 72 NY2d 1049; *People v Cuevas*, 99 AD2d 553).

While there is some merit in defendant's contention that it was error for County Court to refuse to instruct the jury that defendant must have known that the gun was loaded to find guilt, or that if it was found that the shooting was an accident they must acquit defendant on all charges, it is not reversible error in this case. County Court correctly charged, in essence, that defendant had to know that the shotgun was loaded to find guilt. However, as to the request to charge the defense of accident, the failure to so charge was error (*see, People v Padgett*, 60 NY2d 142, 144-145). Defendant testified that the shooting was accidental in that the gun pointed at Rodruguez went off as he handed it to Rodruguez and Rodruguez pulled it (*see, supra; see also, People v Rypinski*, 157 AD2d 260). However, as the proof of guilt was overwhelming, the error was harmless (*see, People v Pennick*, 204 AD2d 988, *lv denied* 83 NY2d 970). Additionally, the issue of accident was argued before the jury and defendant's evidence of accident consisted only of his conclusory statement and was obviously rejected by them.

Defendant's arguments that the prosecutor committed reversible error in the opening and closing statements also fail. Defendant either failed to preserve the alleged improper statements made in the prosecutor's opening statement for review by a timely objection or a motion for mistrial (*see, People v Rizzo*, 175 AD2d 221, *lv denied* 78 NY2d 973) or the comments, while improper, were harmless in view of the overwhelming evidence of guilt and the fact that there is no significant possibility that defendant would have been acquitted but for any error in the opening statement (*see, People v Rogha*, 213 AD2d 266, *lv denied* 86 NY2d 801).

Concerning the People's closing statement, the prosecutor erred in commenting on the motivation of prosecution witnesses to lie in the absence of any attack on their credibility by defense counsel (*see, People v Gordon*, 185 AD2d 199, *lv denied*

80 NY2d 904; *cf., People v Evans*, 192 AD2d 671, *lv denied* 82 NY2d 753). The prosecutor also erred in characterizing defendant as a liar (*see, People v Nevedo*, 202 AD2d 183). However, in view of the overwhelming proof of guilt, the errors are deemed harmless (*see, People v Rogha, supra*).

Finally, defendant's claim that the sentence imposed is harsh and excessive is not persuasive. There is no showing that County Court abused its sentencing discretion, nor has defendant demonstrated the existence of extraordinary circumstances warranting a reduction in sentence; the sentence therefore will not be disturbed (*see, People v Tinning*, 142 AD2d 402, *lv denied* 73 NY2d 1022).

Cardona, P. J., Casey, Yesawich Jr., and Peters, JJ., concur. Ordered that the judgment is affirmed.