■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDO TUBENS, Appellant. [655 NYS2d 363] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered October 7, 1993, convicting him, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 17 years to life, unanimously affirmed.

Defendant's argument that the court's "two inference" charge diluted the People's burden of proof is without merit since the charge in question concerns the factual inferences to be drawn from the evidence in the case and makes no reference to the standard required for conviction that was separately charged. In any event, the inclusion of the "two inference" charge does not constitute reversible error because the court instructed the jury several times that to convict defendant it had to find him guilty beyond a reasonable doubt of each element of the crime, and thus, the charge, viewed in its entirety, conveyed the proper standard (*People v Fields*, 87 NY2d 821; *People v Maldonado*, 220 AD2d 212, *lv denied* 87 NY2d 904).

Defendant was properly adjudicated a persistent violent felony offender since his failure to challenge the constitutionality of a prior 1971 violent felony conviction at the time of his 1985 second violent felony hearing constitutes a waiver of his right to challenge the 1971 conviction at this time (*People v Dickerson*, 202 AD2d 247, *lv denied* 83 NY2d 966). In any event, defendant's 1971 plea was knowing and voluntary. Concur—Wallach, J. P., Nardelli, Rubin and Williams, JJ.