■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EDWARD J. WELKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), rendered June 3, 1986, convicting him of burglary in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of burglary in the third degree and grand larceny in the third degree based on proof that, on May 3, 1985, at approximately 8:30 P.M., he illegally entered "Mr. Munchie's", a luncheonette located in Massapequa, New York, and stole more than $250 in cash which had been hidden in a freezer. Initial suspicion of the defendant's involvement arose because he had been left in charge of locking the back door when the luncheonette was closed earlier that evening, and because when the luncheonette was opened the following morning, the front door was securely locked, while the back door was open, and there was no evidence of any break-in.

On the day following the burglary, one of the regular patrons of Mr. Munchie's came forward and informed the luncheonette's owner that as he happened to be looking through the luncheonette's window from outside the location at 8:30 P.M. on the previous night, he had observed a man whose appearance he recognized, standing inside the luncheonette, next to the freezer. When the owner asked whether the man this witness had seen was "Eddie" (the defendant), the witness responded "yes".

The defendant was arrested after this witness confirmed that a photograph of the defendant, which had been provided to police by the luncheonette's owner, depicted the man whom he had seen inside Mr. Munchie's at the time of the burglary. The defendant was later arrested in Houston, Texas, and subsequently made certain inculpatory remarks to the arresting officer while the two were at the airport on their way back to New York.

On appeal, the defendant argues that the court should have precluded the prosecution's chief witness from testifying that he had observed the defendant inside the luncheonette at the time of the burglary. This claim is based on the contention that the identification is the product of an unduly suggestive police-sponsored photographic identification procedure.

Based on all the circumstances of this case as revealed at the pretrial hearing, we find that this witness actually recognized the perpetrator of the burglary as the defendant, whom

the witness had seen at Mr. Munchie's on at least two prior occasions, and that the photographic identification procedure was essentially confirmatory *(see, People v Tas,* 51 NY2d 915, 916; *People v Gissendanner,* 48 NY2d 543, 552; *People v Sabbat,* 135 AD2d 846; *People v Johnson,* 124 AD2d 748). We therefore agree with the Trial Judge that the witness's ability to make an in-court identification was untainted by any suggestivity in the photographic identification procedure.

The defendant also argues that his "indelible" right to counsel had attached prior to his arrest, since a warrant for his arrest had been issued *(see, People v Rivers,* 56 NY2d 476; *People v Samuels,* 49 NY2d 218) and that evidence of his inculpatory postarrest statements therefore should have been suppressed. However, the defendant's inculpatory statements were wholly spontaneous, and therefore not subject to suppression *(People v Rivers, supra; People v Suarez,* 140 AD2d 558; *People v Bonacorsa,* 115 AD2d 546, 547).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.