■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN EULOGIO MARTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 9, 1987, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bianchi, J.), of the defendant's motion to suppress identification testimony.

Ordered that the judgment is affirmed.

We find that testimony as to the defendant's identification at a station house showup and in court, both made by a trained undercover police officer, was properly admitted. At the suppression hearing, the undercover officer testified that he had purchased cocaine from the defendant, and that the

transaction lasted approximately two minutes. There was ample lighting and the officer had had a prior acquaintanceship with the defendant. The officer further testified that the defendant was not arrested at that time so that a search warrant could be obtained. Three months later, at a station house showup, the officer identified the defendant as the individual from whom he had purchased the cocaine. Under these circumstances, the station house showup was more in the nature of a confirmatory viewing than an identification *(see, People v Morales,* 37 NY2d 262; *People v Welker,* 150 AD2d 515; *People v Francis,* 139 AD2d 527).

Finally, we find that the sentence was not excessive. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.