■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER COLEMAN, Appellant. [625 NYS2d 91] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Moskowitz, J.), both rendered October 22, 1992, convicting him of (1) robbery in the second degree under Indictment No. 8885/91, upon his plea of guilty, and (2) robbery in the second degree (four counts) and sexual abuse in the first degree under Indictment No. 2478/92, upon a jury verdict,

and imposing sentences. The appeal under Indictment No. 2478/92 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

At a hearing regarding Indictment No. 2478/92, one of the four complainants, who had been robbed by the defendant on February 22, 1992, testified that she saw the defendant in a neighborhood store on February 24, 1992, and immediately notified the police. Based on the complainant's description of the defendant, the police arrested him within minutes of the complainant's call. Immediately after apprehending the defendant, the police returned to the complainant and she confirmed that the person they had in the police car was indeed the person who robbed her. Her identification of the defendant at this point was merely confirmatory and the defendant's contention that this was an unduly suggestive show-up is without merit (see, People v Marte, 163 AD2d 614, 615; People v Griffin, 161 AD2d 799, 801). Hence, there was no reason to suppress this complainant's in-court identification of the defendant.

The defendant's remaining contentions regarding Indictment No. 2478/92 are unpreserved for our review or without merit.

We have reviewed the record under Indictment No. 8885/91 and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal from the judgment rendered under that indictment. Counsel's application for leave to withdraw as counsel under that judgment is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.