■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO GARCIA, Appellant. [628 NYS2d 732] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered March 11, 1992, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (DeLury, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the station house showup identifications. While such showups are generally disfavored (see, People v Riley, 70 NY2d 523), the People elicited hearing testimony establishing that the eyewitnesses knew the defendant. The defendant did not challenge the witnesses' familiarity with him (cf., People v Rodriguez, 79 NY2d 445). Therefore, he has failed to preserve for appellate review his present contention in this regard (see, CPL 470.05 [2]; People v Gomez, 67 NY2d 843; People v Campbell, 187 AD2d 442). Since the uncontradicted evidence demonstrated that the showup identifications were merely confirmatory in nature, any questions regarding suggestiveness and independent source were rendered irrelevant (see, People v Gissendanner, 48 NY2d 543; People v Creech, 183 AD2d 777; People v Lizardi, 166 AD2d 672), and the defendant's request to call the eyewitnesses at the hearing to explore these issues was properly denied (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Galarza, 206 AD2d 387; People v Bolden, 197 AD2d 528).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.