OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
At the trial of defendant on charges of rape (Penal Law § 130.35) and sexual misconduct (Penal Law § 130.20), the victim testified that on April 25, 1990, she and defendant had been smoking cocaine and he coaxed her back to her apartment where he raped and sodomized her. At around 3:30 a.m., in the midst of the crime, the victim told defendant that she was expecting a visit from her friend Kathleen Corey and had to telephone Corey to head her off, and she then placed a call to Corey telling her not to come to the apartment. Corey, who had met the victim when they both volunteered at a rape crisis center, testified that she in fact had no plans to visit her friend but discerned from the way she spoke on the telephone that she was in trouble. Corey therefore phoned the police, who went directly to the apartment. At the apartment, according to the testimony of a police officer, the victim told the officer that defendant, who was there with her, had raped her. Defendant did not testify at trial but argued consent as a defense.
In charging the jury, the Trial Judge provided an extensive instruction regarding the presumption of innocence, the burden of proof and the definition of reasonable doubt. After explaining that the indictment did not constitute evidence, the court stated: "If the evidence in the case reasonably permits a conclusion of either guilt or innocence, you should adopt a conclusion of innocence.” Defendant objected to this last sentence.
Defendant was convicted of both rape in the first degree and sexual misconduct. On appeal defendant raised two issues: first, that on relevancy grounds the trial court erred in admit *823 ting certain testimony of Corey and second, that the objected-to sentence in the charge required reversal. The Appellate Division affirmed the conviction, concluding that it was error (though harmless) to admit the evidence and that the charge considered as a whole was not erroneous. We now affirm, though disagreeing with the Appellate Division regarding admission of Corey’s testimony.
After Corey testified that she had met the victim when they both volunteered at a rape crisis center, over defendant’s objection Corey described her duties at the center as being "in charge of one of the support groups for rape victims. I did individual counseling with some of the victims, sometimes going to the hospital with them, attending legal procedures with them, giving them kind of moral support.” Testimony about Corey’s experience at the rape crisis center was plainly relevant both as to why Corey phoned the police and as to the victim’s state of mind at the time of the crime.
Turning to the jury instruction, we do not consider the challenged sentence alone and in a vacuum but instead must read the instruction as a whole to determine if it was likely to confuse the jury as to the proper burden of proof (People v Mosley, 67 NY2d 985, 987; People v Canty, 60 NY2d 830, 831-832). We agree with the Appellate Division that the objected-to sentence, alone and in a vacuum, was improper and should not have been used because, in isolation, a juror might interpret it to authorize a guilty verdict even if the People did not establish the defendant’s guilt beyond a reasonable doubt. The objected-to sentence, however, does not mandate such an inference by the jury, and here the court’s extensive, accurate instructions on the burden of proof and the concept of reasonable doubt safeguarded against such an impermissible inference. Therefore, when considered as a whole, the charge sufficiently conveyed the correct standard.