■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIVERA, Appellant. [662 NYS2d 315] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered December 13, 1990, convicting defendant, after a jury trial, of

criminal possession of a controlled substance in the first and second degrees, criminal possession of a controlled substance in the third degree (7 counts), criminal possession of a controlled substance in the fourth degree (2 counts), conspiracy in the second degree, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of 25 years to life, 8⅓ years to life, 8⅓ to 25 years for each of the third-degree possession convictions, 5 to 15 years for each of the fourth-degree possession convictions, 8⅓ to 25 years, and 1 year, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, it was legally sufficient to establish defendant's guilt beyond a reasonable doubt (*People v Contes*, 60 NY2d 620). Moreover, the verdict was not against the weight of the evidence. There was ample evidence establishing defendant's substantial involvement in the drug operation and his guilt of each of the crimes charged. Issues of credibility were properly presented to the jurors, who saw and heard the witnesses (*People v Gaimari*, 176 NY 84, 94) and we see no reason to disturb their determination.

We find no merit to defendant's claim that the court unfairly marshalled the evidence against him while instructing the jury on the concept of constructive possession. The court's generalized references to factors worthy of the jury's consideration did not constitute "marshalling". Defendant's remaining challenges to the court's instructions are unpreserved and we decline to reach them in the interest of justice. Were we to review them, we would find them to be without merit since the charge in question in each instance, viewed in its entirety, conveyed the proper standard (*People v Fields*, 87 NY2d 821).

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review defendant's claims, we would find that the challenged remarks were proper responses to the defense attack upon the credibility of the People's witness within the bounds of permissible rhetorical comment (*see, People v Halm*, 81 NY2d 819).

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Rubin, Tom and Colabella, JJ.