■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RAMOS, Appellant. [679 NYS2d 370] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered January 10, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Credibility issues were properly placed before the jury and we see no reason to disturb its findings.

After conducting a *Batson* analysis, the court properly reseated three prospective jurors who had been challenged by defendant. The court's finding of prima facie discrimination was proper since the record shows that jurors with similar backgrounds and beliefs as these Caucasian jurors had not been peremptorily challenged by defense counsel (*see, People v Bolling*, 79 NY2d 317, 324). The court's finding that defense counsel's race-neutral reasons were pretextual is entitled to great deference (*People v Hernandez*, 75 NY2d 350, *affd* 500 US 352).

Defendant's claims that the prosecutor's comments on sum-

mation deprived him of a fair trial are unpreserved for appellate review due to lack of objection, or lack of specific objection (*see*, *People v Balls*, 69 NY2d 641), and we decline to review them in the interest of justice. Were we to review them, we would find that the comments were a fair response to defense counsel's summation (*People v Galloway*, 54 NY2d 396).

Defendant's challenges to the language employed by the court in conveying the reasonable doubt standard are unpreserved for appellate review, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the charge as a whole conveyed the proper legal standards (*People v Fields*, 87 NY2d 821). Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.