■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN WIGFALL, Appellant. [732 NYS2d 563] —Judgment, Supreme Court, Bronx County (Roger Hayes, J.), rendered March 8, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The record, viewed as a whole, establishes that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708, 713-714). Defendant could not have been deprived of a fair trial by any of the omissions by trial counsel that defendant cites on appeal. An objection to the arresting officer's testimony concerning the undercover officer's identification of defendant would have been unavailing since the rule against "bolstering" of identification testimony does not apply to testimony concerning an undercover officer's confirmatory drive-by identification (see, People v Roman, 273 AD2d 53, lv denied 95 NY2d 938). Although counsel's request for a missing witness charge concerning a "ghost" officer was untimely, defendant was not entitled to such a charge in any event since there is no evidence that the ghost was in a position to witness the sale (see, People v Vasquez, 272 AD2d 226, lv denied 95 NY2d 872). Counsel's failure to except to the court's charge on the definition of school grounds was not prejudicial since such charge, when viewed as a whole, conveyed the appropriate legal principles (see, People v Fields, 87 NY2d 821).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.