■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IMTAZ ALI, Appellant. [819 NYS2d 668]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mc-Gann, J.), rendered July 12, 2005, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the victim's confirmatory identification of the defendant *(see People v Benjamin,* 2 AD3d 740, 741 [2003]; *People v Thompson,* 230 AD2d 926 [1996]). Under the circumstances, an independent source hearing was not warranted *(see People v Chipp,* 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Garcia,* 216 AD2d 412 [1995]).

The defendant's contention that the trial court erred in submitting to the jury the charge of gang assault in the second degree (Penal Law § 120.06) as a lesser-included offense of gang assault in the first degree (Penal Law § 120.07) is without merit. There was a reasonable view of the evidence from which the jury could find that the defendant committed the lesser offense but not the greater *(see People v Glover,* 57 NY2d 61, 64 [1982];

*People v Green,* 56 NY2d 427, 430 [1982]; *cf. People v Palmer,* 197 AD2d 712, 713 [1993]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.