██ The People of the State of New York, Respondent, v Kavon Reid, Appellant. [919 NYS2d 862]—

The defendant's contention that the evidence was legally insufficient to support his convictions of burglary in the first degree (two counts) and assault in the third degree because the prosecution failed to establish his identity as the perpetrator of those crimes is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Robles*, 34 AD3d 849, 849 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdicts of guilt on the charges of burglary in the first degree and assault in the third degree were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The discrepancies and inconsistencies between the identification testimony of the complainant and statements in the police reports and to a 911 operator were properly before the jury for consideration (*see*

*People v Jean-Marie,* 67 AD3d 704, 705 [2009]; *People v Stroman,* 60 AD3d 708, 708 [2009]; *People v Fields,* 28 AD3d 789, 790 [2006]). Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.