■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE GONZALEZ, Appellant. [941 NYS2d 507]—Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 2, 2010, convicting him of attempted burglary in the second degree, burglary in the third degree, possession of burglar's tools, criminal trespass in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence of identification was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Reid*, 82 AD3d 1268 [2011]; *People v Small*, 74 AD3d 843, 845 [2010]; *People v Jordan*, 44 AD3d 875 [2007]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as one of the perpetrators of the crimes of which he was convicted (*see People v Johnson*, 90 AD3d 676 [2011]; *People v Carter*, 44 AD3d 677, 679 [2007]; *People v Almonte*, 23 AD3d 392, 393 [2005]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.