Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered May 20, 2011, convicting him of assault in the first degree, assault in the second degree, robbery in the first degree (three counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court providently exercised its discretion in granting the People’s challenge for cause to a prospective juror who divulged during voir dire that her son had recently been arrested and was being prosecuted by the Kings County District Attorney’s office. The prospective juror’s responses to questioning during voir dire, construed as a whole, failed to demonstrate an absolute belief that her son’s arrest and prosecution would not have an influence on her verdict (see CPL 270.20 [1] [b]; People v Culhane, 33 NY2d 90, 107 [1973]; People v Goodwin, 64 AD3d 790, 791-792 [2009]).
*960 The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that certain comments made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]), because he raised no objection to certain challenged comments, made general objections to other challenged comments without alerting the trial court to his specific claims now raised on appeal and, when his objections to the remaining challenged comments were sustained, he failed to seek any further curative relief or move for a mistrial (see People v Brooks, 89 AD3d 746, 747 [2011]; People v Bajana, 82 AD3d 1111, 1112 [2011]). In any event, certain challenged comments constituted fair comment on the evidence (see People v Miller, 239 AD2d 787, 789-790 [1997], affd 91 NY2d 372 [1998]). The remaining challenged comments, while they would have been better left unsaid, did not deprive the defendant of a fair trial (see People v Gonzalez, 83 AD3d 1093, 1094 [2011]).
The defendant’s remaining contention is unpreserved for appellate review (see People v Walker, 70 AD3d 870, 871 [2010]) and, in any event, without merit (see People v Marthone, 281 AD2d 562 [2001]). Rivera, J.P, Angiolillo, Hall and Cohen, JJ., concur.