Appeal by the defendant from a judgment of the Supreme Court, Kangs County (Carroll, J.), rendered August 18, 2010, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that he was deprived of a fair trial by the admission of testimony by an eyewitness to the effect that the eyewitness did not testify before the grand jury because he was afraid for his life and the lives of his family members is unpreserved for appellate review (see CPL 470.05 [2]; see generally People v O’Keefe, 105 AD3d 1062 [2013]). In *969 any event, this contention is without merit, since this testimony was directed at the eyewitness’s testimonial role, rather than any implication that the defendant had threatened him, and the trial court gave a limiting instruction to the jury that the estimony was only to be considered as it related to the eyewitness’s state of mind (see People v Howard, 7 AD3d 314, 314 [2004]).
The defendant’s contention that the prosecutor’s summation remark that it took the eyewitness great courage to testify at trial, and certain additional comments made by the prosecutor during summation, deprived him of a fair trial is also unpreserved for appellate review (see CPL 470.05 [2]). In any event, the comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel’s summation, or otherwise did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d 105, 109-110 [1976]; People v Hoke, 111 AD3d 959 [2013]; People v McGowan, 111 AD3d 850 [2013]; People v O’Keefe, 105 AD3d at 1063-1064; People v Cromwell, 99 AD3d 1017, 1017-1018 [2012]).
The defendant’s claim that defense counsel’s failure to object to the challenged summation comments deprived him of his right to the effective assistance of counsel is without merit. Viewing defense counsel’s performance as a whole, the defendant was provided with meaningful representation. Furthermore, the majority of the challenged summation comments were either responsive to defense counsel’s summation or fair comment on the evidence or the rational inferences to be drawn therefrom, and to the extent that certain remarks were improper, defense counsel’s failure to object to those remarks did not constitute ineffective assistance of counsel (see generally People v Hanson, 100 AD3d 771 [2012], lv granted 21 NY3d 1016 [2013]). Angiolillo, J.P, Dickerson, Austin and Hinds-Radix, JJ., concur.