■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE MARTIN, Appellant. [983 NYS2d 813]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered September 8, 2010, convicting him of murder in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention, raised in his pro se supplemental brief, that the lineup identification procedure was unduly suggestive, is unpreserved for appellate review, since at the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), he failed to raise the specific grounds upon which he now challenges the procedure (*see* CPL 470.05 [2]; *People v Fields*, 66 AD3d 799, 799 [2009]; *People v Lago*, 60 AD3d 784, 784-785 [2009]). In any event, the People established in the first instance that the lineup procedure was not improper, and the defendant failed to establish that the procedure was unduly suggestive (*see People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]).

The defendant's contention, raised in his main brief and in points I through III of his pro se supplemental brief, that the evidence was legally insufficient to support his convictions of murder in the first degree and assault in the first degree, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gonzalez*, 94 AD3d 775, 776 [2012]; *People v Reid*, 82 AD3d 1268, 1268 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain comments made by the prosecutor during his opening statement and summation were improper and denied him a fair trial is largely unpreserved for appellate review, since the defendant either failed to object to the remarks he now challenges, made only a general objection, objected on grounds other than those currently raised, or failed to request additional instructions when the trial court gave curative instructions (*see* CPL 470.05 [2]; *People v Santos*, 105 AD3d 1064, 1065 [2013]; *People v Prowse*, 60 AD3d 703, 704 [2009]). In any event, the challenged portions of the prosecutor's opening statement were either not improper or did not deprive the defendant of a fair trial (*see People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied sub nom. Kurtz v New York*, 451 US 911

[1981]; *People v Roscher*, 114 AD3d 812 [2014]; *People v Rogha*, 213 AD2d 266, 266 [1995]). Additionally, most of the challenged summation remarks were fair comment upon the evidence, were responsive to the defense's summation, were within the bounds of rhetorical comment, or do not otherwise warrant reversal (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]). To the extent that any prejudicial effect may have resulted from certain remarks relating to the lineup identification, it was ameliorated by the trial court's instructions (*see People v Flowers*, 102 AD3d 885, 886 [2013]; *People v Evans*, 291 AD2d 569, 569 [2002]).

Contrary to the defendant's contention raised in his pro se supplemental brief, the Supreme Court did not err in sentencing him to consecutive terms of imprisonment for murder in the first degree and for assault in the first degree, since those offenses involved separate victims and separate acts (*see People v Brathwaite*, 63 NY2d 839, 843 [1984]; *People v Holmes*, 92 AD3d 957, 957 [2012]).

The defendant was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Stultz*, 2 NY3d 277, 287 [2004]).

The defendant's remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Dickerson, J.P., Hall, Roman and Cohen, JJ., concur.