Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 8, 2010, convicting him of murder in the second degree and attempted murder in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon *1092 reviewing the record here, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Parks, 67 AD3d 931 [2009]).
The defendant’s contention that he was deprived of a fair trial because the prosecutor made improper comments during summation is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawley, 112 AD3d 968 [2013]; People v Hoke, 111 AD3d 959 [2013]). In any event, the comments were fair comment on the evidence and the reasonable inferences to be drawn therefrom, responsive to defense counsel’s summation, or otherwise did not deprive the defendant of a fair trial (see People v Hawley, 112 AD3d 968 [2013]; People v Hoke, 111 AD3d 959 [2013]; cf. People v Ashwal, 39 NY2d 105, 109-110 [1976]).
The defendant failed to preserve for appellate review the issue of whether the Supreme Court properly charged the jury on the People’s burden of proving his guilt beyond a reasonable doubt (see CPL 470.05 [2]; People v Sanchez, 29 AD3d 608 [2006]; People v McAloney, 2 AD3d 538, 539 [2003]). In any event, the jury charge as a whole correctly explained the concept of reasonable doubt to the jury and adequately apprised the jury of the proper standard of proof to apply to the evidence before it (see People v Blackshear, 112 AD2d 1044, 1045-1046 [1985]; People v Sanchez, 29 AD3d at 608).
There is no merit to the defendant’s claim that defense counsel’s failure to object to the challenged summation comments to the jury charges and to certain testimony deprived him of his right to the effective assistance of counsel (see People v Flores, 84 NY2d 184, 187 [1994]; People v Rivera, 71 NY2d 705, 708-709 [1988]). Viewing defense counsel’s performance as a whole, the defendant was provided with meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Hawley, 112 AD3d 968 [2013]).
Rivera, J.P, Chambers, Austin and Duífy, JJ., concur.