■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROMERO, Also Known as ROBERT ROSA, Appellant. [998 NYS2d 227]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 18, 2012, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and a statement he made to a law enforcement official.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the complainant's confirmatory identification of the defendant (*see People v Ali*, 32 AD3d 522, 522 [2006]; *People v Benjamin*, 2 AD3d 740, 741 [2003]; *People v Coleman*, 214 AD2d 619, 620 [1995]).

The defendant correctly contends that his statement made to a detective without the benefit of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), and after he had been arrested and subjected to express questioning, should have been suppressed (*see People v Rivera*, 91 AD3d 972, 972 [2012]; *People v Robinson*, 38 AD3d 572, 573 [2007]; *People v Guerrier*, 291 AD2d 506, 507 [2002]). Nevertheless, the admission of that statement was harmless beyond a reasonable doubt, as the evidence of the defendant's guilt, without reference to his pretrial statement, was overwhelming, and there was no reasonable possibility that the error in admitting the statement might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Rivera*, 91 AD3d at 973; *People v Tavares-Nunez*, 87 AD3d 1171, 1175 [2011]; *People v Johnson*, 277 AD2d 702, 706 [2000]).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's identity as the perpetrator. Moreover, in fulfilling our responsibility to conduct

an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Green*, 107 AD3d 915, 915-916 [2013]; *People v Reid*, 82 AD3d 1268, 1268-1269 [2011]).

The defendant's contention that the trial court's instructions to the jury on the issue of reasonable doubt were constitutionally inadequate is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Washington*, 117 AD3d 1091, 1092 [2014]; *People v Coles*, 62 AD3d 1022, 1023 [2009]). In any event, the contention is without merit, because the instructions, on the whole, conveyed the correct standard to be employed by the jury (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Morris*, 120 AD3d 835, 837 [2014], *lv granted* 24 NY3d 1045 [Nov. 25, 2014]; *People v Washington*, 117 AD3d at 1092; *People v Coles*, 62 AD3d at 1023). However, the Supreme Court is cautioned to rely on the most recent version of New York's Criminal Jury Instructions rather than recite from older versions (*see People v Morris*, 120 AD3d at 837).

The defendant's remaining contention is without merit. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.