■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR DUMANCELA, Appellant. [25 NYS3d 645]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 31, 2009, convicting him of assault in the second degree and rape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's summation remarks deprived him of a fair trial. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Taylor*, 120 AD3d 519, 520 [2014]; *People v Salnave*, 41 AD3d 872, 874 [2007]) and, in any event, without merit (*see People v Williams*, 123 AD3d 1152, 1153 [2014]).

The defendant further contends that the People improperly bolstered the victim's testimony by eliciting evidence that she had told a number of other individuals, including the responding police officer and the medical staff in the emergency room where she was brought after the incident, that she had been raped by the defendant. However, as the defendant did not object to any of the evidence, the contentions he now raises are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the challenged evidence was admissible under the prompt outcry exception, as it corroborated the victim's allegation that nonconsensual sex took place (*see People v McDaniel*, 81 NY2d 10, 18 [1993]; *People v Bernardez*, 63 AD3d 1174, 1175 [2009]), and statements to medical providers were relevant to diagnosis and treatment (*see People v Spicola*, 16 NY3d 441, 451 [2011]; *People v Ortega*, 15 NY3d 610 [2010]).

The defendant's contention that the trial court gave an unbalanced and improper jury charge is unpreserved for appellate review, since the defendant failed to raise any objections to the charge as given (*see* CPL 470.05 [2]; *People v Joseph*, 114 AD3d 878, 879 [2014]; *People v Capehart*, 61 AD3d 885, 886 [2009]; *People v Quinones*, 41 AD3d 868 [2007]). In any event, his contentions are without merit, as the court's instructions, on the whole, conveyed the correct standard to be employed by the jury (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Romero*, 123 AD3d 1147, 1148 [2014]; *People v Morris*, 120 AD3d 835, 837 [2014]). Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.