■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONIA ISAAC, Appellant. [27 NYS3d 272]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered November 8, 2013, convicting her of robbery in the second degree, robbery in the third degree, and

criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove her identity as one of the perpetrators of the subject robbery beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Wiggs*, 130 AD3d 659, 659 [2015]; *People v Harris*, 129 AD3d 990, 990-991 [2015]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (*see People v Calabria*, 3 NY3d 80 [2004]; *People v John*, 51 AD3d 819, 820 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to robbery in the second and third degrees was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that she was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.15 [2]; *People v Rivera*, 130 AD3d 655, 656 [2015]; *People v Marshall*, 43 AD3d 1184 [2007]). In any event, the remarks were responsive to arguments and theories presented during the defense summation (*see People v Marcus*, 112 AD3d 652 [2013]; *People v Rogers*, 106 AD3d 1029 [2013]; *People v Moore*, 29 AD3d 825 [2006]; *People v Barber*, 13 AD3d 898, 900 [2004]; *People v McHarris*, 297 AD2d 824 [2002]), or constituted fair comment on the evidence (*see People v Hawley*, 112 AD3d 968, 969 [2013]; *People v Hoke*, 111 AD3d 959, 960 [2013]). Since the challenged summation remarks were not improper, defense counsel's failure to object to the prosecutor's summation comments did not deprive the defendant of the effective assistance of counsel (*see People v McGowan*, 111 AD3d 850, 851 [2013]; *People v Friel*, 53 AD3d 667, 668 [2008]). Mastro, J.P., Chambers, Roman and Barros, JJ., concur.