Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered May 12, 2015, convicting him of criminal possession of a weapon in the second degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The Supreme Court erred in allowing the prosecutor to cross-examine a defense witness regarding her possible gang affiliations since there was no connection between gang membership and the alleged crime (see People v Acevedo, 84 AD3d 1390, 1391 [2011]). It was also improper to allow the prosecutor to introduce extrinsic evidence to impeach that witness’s credibility when she denied being affiliated with a gang (see People v Schwartzman, 24 NY2d 241, 244 [1969]; People v Scruggs, 111 AD3d 966, 967 [2013]). However, because there was overwhelming evidence of the defendant’s guilt and no significant probability that these errors contributed to the defendant’s convictions, the errors were harmless (see People v Crimmins, 36 NY2d 230, 242 [1975]).
 

 The defendant’s contention that the Supreme Court gave an inadequate jury charge is unpreserved for appellate review, since the defendant failed to raise any objections to the charge as given (see CPL 470.05 [2]; People v Dumancela, 136 AD3d 1053 [2016]; People v Joseph, 114 AD3d 878, 879 [2014]; People v Capehart, 61 AD3d 885, 886 [2009]; People v Quinones, 41 AD3d 868 [2007]). In any event, the contention is without merit, as the court’s instructions, on the whole, conveyed the correct standard to be employed by the jury (see People v Fields, 87 NY2d 821, 823 [1995]; People v Dumancela, 136 AD3d at 1053; People v Romero, 123 AD3d 1147, 1148 [2014], affd 27 NY3d 981 [2016]).
 

 The defendant’s contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation is unpreserved for appellate review, since the defendant failed to object to the remarks he now challenges (see CPL 470.05 [2]; People v Flanagan, 132 AD3d 693, 694 [2015], affd 28 NY3d 644 [2017]). In any event, most of the challenged remarks were fair comment on the evidence or fair response to the arguments made by defense counsel in summation (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Nanand, 137 AD3d 945, 947-948 [2016]; People v Willis, 122 AD3d 950, 950 [2014]). To the extent that some of the prosecutor’s remarks made during summation were improper, those remarks did not deprive the defendant of a fair trial (see People v Nanand, 137 AD3d at 947-948; People v Roscher, 114 AD3d 812, 813 [2014]; People v Walston, 196 AD2d 903, 904 [1993]).
 

 The defendant’s contention that he was deprived of the effective assistance of counsel is without merit (see People v Taylor, 1 NY3d 174, 176 [2003]; People v Williams, 123 AD3d 1152, 1154 [2014], affd 29 NY3d 84 [2017]; People v Brooks, 89 AD3d 746, 746 [2011]). The record reveals that defense counsel provided meaningful representation (see People v Taylor, 1 NY3d at 176; People v Benevento, 91 NY2d 708, 712-714 [1998]; People v Williams, 123 AD3d at 1154).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit.
 

 Rivera, J.R, Dillon, Connolly and Iannacci, JJ., concur.