People v Willis (2018 NY Slip Op 06947)





People v Willis


2018 NY Slip Op 06947


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-01766
 (Ind. No. 2028/15)

[*1]The People of the State of New York, respondent,
v
Timothy Willis, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Ayelet Sela of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered January 11, 2016, convicting him of burglary in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Gomez, 67 NY2d 843, 844-845; People v Jackson, 126 AD3d 1508; People v Rivera, 301 AD2d 787). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. The evidence that the defendant was found by the police in a garage which was attached to a house was legally sufficient to establish that the defendant was found in a dwelling, since an attached garage is considered to be part of the main building (see Penal Law §§ 140.00[2], [3]; 140.25[2]; People v Jackson, 126 AD3d at 1510; People v Green, 141 AD2d 760, 761). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, there was no reasonable view of the evidence that the structure at issue was not a dwelling within the meaning of Penal Law § 140.25(2). Thus, we agree with the Supreme Court's determination denying the defendant's request to charge the lesser included offense of burglary in the third degree (see People v James, 11 NY3d 886, 888; People v Barney, 99 NY2d 367, 371-373; People v Ayers, 128 AD3d 845, 845-846; People v Herring, 119 AD3d 958).
Furthermore, the defendant's challenge to the propriety of the Supreme Court's charge defining the term "dwelling" is unpreserved for appellate review (see CPL 470.05[2]; People [*2]v Franzese, 154 AD3d 706, 707). In any event, the charge was not improper, imbalanced, or incomplete (see People v Chinloy, 153 AD3d 1269, 1270; People v Dumancela, 136 AD3d 1053).
The defendant's contention that certain remarks made by the prosecutor during summation require reversal is unpreserved for appellate review, since the defendant either completely failed to object to the remarks at issue or made only a general objection, and he failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see People v Romero, 7 NY3d 911, 912; People v Martin, 116 AD3d 981, 982). In any event, the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or within the bounds of permissive rhetorical comment (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109-110; People v Martin, 116 AD3d at 983).
The defendant was not deprived of his right to the effective assistance of counsel at trial (see People v Baldi, 54 NY2d 137).
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court