People v Benjamin (2019 NY Slip Op 00453)





People v Benjamin


2019 NY Slip Op 00453


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2014-10941
 (Ind. No. 6981/12)

[*1]The People of the State of New York, respondent,
v
Francis Benjamin, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Paul Hastings, LLP [Katherine Drooyan and Ryan Kilpatrick], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered October 27, 2014, convicting him of criminal possession of a weapon in the second degree (two counts) and assault in the second degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ann Donnelly, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Kolupa, 13 NY3d 786, 787; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Bleakley, 69 NY2d 490). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 643).
Contrary to the defendant's contention, the statement he made to law enforcement officials at the precinct station house was not subject to suppression, as the record demonstrated that he was properly administered Miranda warnings and, thereafter, knowingly, voluntarily, and intelligently waived his Miranda rights (see generally Miranda v Arizona, 384 US 436, 444; People v Williams, 62 NY2d 285, 288-290; People v Harris, 163 AD3d 993; People v Dunbar, 104 AD3d 198, 206, affd 24 NY3d 304).
Contrary to the defendant's contention, the People established in the first instance that the pretrial identification procedure was not improper, and the defendant failed to establish that it was unduly suggestive (see People v Chipp, 75 NY2d 327, 335-336; People v Martin, 116 AD3d 981, 982).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court