People v Hernandez (2019 NY Slip Op 02551)





People v Hernandez


2019 NY Slip Op 02551


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2014-02087
 (Ind. No. 7978/12)

[*1]The People of the State of New York, respondent,
v
Marlon Hernandez, appellant.


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered February 25, 2014, convicting him of rape in the first degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that certain of the prosecutor's summation remarks deprived him of a fair trial because they were inflammatory, improperly vouched for the complainant's credibility, improperly appealed to the jury's sympathy, or denigrated the defense is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Martin, 116 AD3d 981, 982; People v Arena, 70 AD3d 1044, 1047). In any event, most of the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or within the bounds of permissible rhetorical comment (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109-110; People v Martin, 116 AD3d at 982). To the extent that some of the challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Wilson, 163 AD3d 881; People v Ferdinand, 161 AD3d 767, 768). Contrary to the defendant's contention, his counsel's failure to object to the improper comments did not deprive the defendant of the effective assistance of counsel (see People v Wragg, 26 NY3d 403, 411). Viewed in their totality, the circumstances reveal that defense counsel provided meaningful representation (see Strickland v Washington, 466 US 668; People v Clark, 28 [*2]NY3d 556, 562-563).
Contrary to the defendant's contention, the second and third counts of rape in the first degree are not multiplicitous. The complainant testified as to three separate penetrations of her vagina by the defendant's penis, and the separate penetrations did not constitute a single, uninterrupted occurrence (see People v Garcia, 141 AD3d 861, 865; People v Grosso, 281 AD2d 986, 988; People v Jiminez, 239 AD2d 360, 360; cf. People v Alonzo, 16 NY3d 267, 270).
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court