People v Burton (2020 NY Slip Op 06805)





People v Burton


2020 NY Slip Op 06805


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-12087
 (Ind. No. 513/17)

[*1]The People of the State of New York, respondent,
v
Levar Burton, appellant.


Richard M. Langone, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Andrew Fukuda of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered August 21, 2018, convicting him of robbery in the first degree as a sexually motivated felony, sexual abuse in the first degree, robbery in the first degree, and attempted sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of robbery in the first degree and attempted sexual abuse in the first degree is unpreserved for appellate review since he failed to move for a trial order of dismissal specifically directed at the element he now claims was not proven beyond a reasonable doubt (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the trial court provided an improper jury instruction is unpreserved for appellate review since he failed to raise any objections to the instruction as given (see CPL 470.05[2]; People v Chinloy, 153 AD3d 1269, 1270; People v Dumancela, 136 AD3d 1053). In any event, this contention is without merit since the court's instructions, on the whole, conveyed the correct standard to be employed by the jury (see People v Fields, 87 NY2d 821, 823; People v Chinloy, 153 AD3d at 1270; People v Dumancela, 136 AD3d 1053).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review (see CPL [*2]470.05[2]).
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court